UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOARD OF MANAGERS OF MADISON SQUARE CONDOMINIUM,<br><br>Plaintiff,<br><br>-v.-<br><br>ECHO BAY HOLDINGS LLC; INDIVIDUAL MEMBERS OF THE BOARD OF MANAGERS, *in their individual and official capacities*; THE RECORD OWNERS OF UNITS 1 THROUGH 10 (JOHN DOES 1-10); THE LESSEES AND OCCUPANTS OF UNITS 1 THROUGH 10 (JANE DOES 1-10); DURIM HASANGJEKAJ; MARIA GIAPOUTZIS; GEIGER ENGINEERING; MADISON SQUARE CONDOMINIUM; A.R.I. REAL ESTATE MANAGEMENT INC.; and KYROUS MANAGEMENT GROUP,<br><br>Defendants. | 26 Civ. 8382 (KPF)<br><br>**TEMPORARY RESTRAINING ORDER** |

KATHERINE POLK FAILLA, District Judge:

On September 9, 2026, the New York State Supreme Court entered a temporary restraining order against Defendant Echo Bay Holdings LLC ("Echo Bay"), enjoining Echo Bay from construction-related activities at Unit 10 in 117-119 East 24th Street, New York, New York (the "Unit"). (Dkt. #3-1). According to Plaintiff, Echo Bay conducted unauthorized renovations to the Unit on three separate occasions between August 10 to 31, 2026, causing falling plaster, ceiling cracks, and exposed electrical conduits in the occupied unit below. (Dkt. #3). On September 21, 2026, Mr. Ephraim Rabin — the sole member of Echo Bay, and real party in interest in the Unit — removed the

action to this Court. On October 2, 2026, Plaintiff requested that this Court schedule an immediate conference and expedited procedure to consider extending, or otherwise issuing a new, temporary restraining order against Echo Bay. (Dkt. #3). Mr. Rabin denies Plaintiff's allegations, argues that the construction was legally authorized, and filed counterclaims alleging, *inter alia*, that Defendants are engaged in a civil RICO conspiracy. (Dkt. #1). By letter dated October 5, 2026, Mr. Rabin objected to Plaintiff's requested injunctive relief.

The Court has considered the parties' filings, and ORDERS the parties to attend a telephonic conference on **October 7, 2026, at 12:00 p.m.**, to discuss: (i) Plaintiff's requested injunctive relief, (ii) the jurisdictional basis for Echo Bay's removal of this case to federal court, and (iii) any other matters that the Court deems necessary to resolve Plaintiff's request for injunctive relief.

Further, the Court finds that there is good cause to enter a temporary restraining order (the "TRO") through **October 7, 2026**, to preserve the status quo prior to the scheduled hearing. *See* Fed. R. Civ. P. 65(b). In this Circuit, "the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino* v. *Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). To obtain a TRO, a plaintiff must show "irreparable harm and ... either [i] likelihood of success on the merits or [ii] sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Zoo Capital Holdings* et al. v. *Titan Capital Grp.* et al., No. 26 Civ. 7224 (PAE),

2026 WL 2905993, at *1 (S.D.N.Y. Sept. 28, 2026) (internal quotation marks omitted) (quoting *UBS Fin. Servs., Inc.* v. *W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011)). Irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." *State Farm Mut. Auto Ins. Co.* v. *Tri-Borough NY Med. Prac., P.C.*, 120 F.4th 59, 80 (2d Cir. 2024).

Here, Plaintiff has satisfied their burden of establishing irreparable harm. In the underlying action, Plaintiff supplied an attorney affirmation stating that (i) Defendant's construction has already "caused the collapse and failure of plaster ceiling components of at least one other unit in the Building," and (ii) absent injunctive relief, "other unit owners will be placed at serious risk of injury or death from falling debris or other potential hazards that affect the structural integrity of the Building and Building components separating the units therein." (Dkt. #4-1 at 119-20 (Attorney Affirmation of Alexander N. Blake)). Based on Mr. Blake's affidavit, the risk of physical injury to co-residents is "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp.* v. *Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989). The Court also finds that Plaintiff's claims raise sufficiently serious questions going to the merits to make them a fair ground for litigation. Additionally, the balance of the hardships — a two-day injunction against further construction, versus the possibility of physical injury to residents or structural damage to the building — weigh in favor of Plaintiff.

Therefore, from the date of this TRO, through and including October 7, 2026, Defendant Echo Bay Holdings LLC and its members, managers, agents,

employees, contractors, subcontractors, architects, engineers, vendors, invitees, and all persons acting on its behalf or with notice of the TRO, are hereby RESTRAINED and ENJOINED from performing, permitting, or facilitating any alteration, demolition, construction, installation, delivery, or other work in or affecting the Unit or the common elements, except emergency protective work expressly authorized in writing by Plaintiff or the Court.

The Court reserves the option to extend the TRO or grant further injunctive relief as it deems necessary, based on the parties' arguments made at the October 7, 2026 hearing.

It is further ORDERED that the Rule 65(c) security requirement is hereby waived because the injunctive relief is necessary to preserve the Court's jurisdiction, and Echo Bay has not shown that it would suffer harm from temporary injunctive relief. *See* Fed. R. Civ. P. 65(c); *Doctor's Assocs., Inc.* v. *Stuart*, 85 F.3d 975, 985 (2d Cir. 1996).

SO ORDERED.

Dated: October 5, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge